Dear Mr. Thomas:
You have requested an opinion of the Attorney General, on behalf of the Madison Parish Port Commission ("Port"), relative to the legal authority of the Port to share in the costs associated with the preparation of an application to have the Madison Parish Police Jury ("Parish") designated by the federal government as an empowerment zone. The Parish has requested financial assistance from the Port in the amount of $4,000, representing approximately twenty percent of the total costs involved.
The application process culminated in the Parish being designated by the United States Department of Agriculture as an Enterprise Zone/Enterprise Community, thus enabling the Parish to receive federal grants and assistance, as well as tax incentives to industries locating within the Parish. More importantly, the Port will receive between $500,000 and $1,000,000 for improvements to infrastructure and warehousing.
The constitutional norm for the lawful use of public funds and property is found in Louisiana Constitution Article VII, Section14 (1974). Paragraph (A) generally prohibits the loan, pledge or donation of public funds. Exceptions to this prohibition are found in Paragraph (B), all of which are inapplicable to the case at hand.
Paragraph (C) of Section 14 authorizes the state and its political subdivisions (e.g., the Port) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations, or individuals. However, Paragraph (C) supplements the prohibition against donations in Article VII, Section 14 (A). It does not create an exemption or exception from the general constitutional norm. The Louisiana Supreme Court has ruled that all cooperative endeavors authorized by Article VII, Section 14 (C), must also meet the general standard for the non-gratuitous alienation of public funds or property established by Article VII, Section 14 (A). See,City of Port Allen v. La. Risk Management, et al,439 So.2d 399 (La. 1983).
Despite the authorization of cooperative endeavors, Section 14 (A) is, nevertheless, violated whenever a political subdivision seeks to give up something of value in the absence of a legal obligation to do so. In other words, only if the transfer of public funds is required by a valid legal obligation will it be considered a constitutionally sanctioned cooperative endeavor.
The requirement of a legal obligation to expend public funds or to use public equipment and labor is the threshold, but not the only predicate for the constitutionality of the expenditure. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. See Opinions of the Attorney General Nos. 90-651 and 90-392. A public purpose and benefit are presumed where the underlying legal obligation for the expenditure is created by the constitution, a statute or an ordinance.
The statutory provisions creating the Port are found at R.S.34:2401, et seq. Section 2403 enumerates the inherent powers of the Madison Parish Port Commission (Commission), said powers to include the following:
 "4. Own, construct, acquire, operate and maintain docks, wharves, landings, elevators, sheds, warehouses, basins, locks, canals and all other property, structures, equipment, facilities and works of public improvement necessary or useful for port, harbor and/or terminal purposes.
 * * *
 8. Construct, own, operate and maintain terminal rail facilities and other common carrier rail facilities for the purpose of rendering rail transportation to and from the facilities to be erected, owned and operated by the commission in both intrastate and interstate commerce.
 * * *
 10. Acquire by purchase, lease or otherwise, industrial plant sites and necessary property or appurtenances therefor, and acquire or construct industrial plant buildings, with necessary machinery and equipment, within the district.
 11. Receive, by gift, grant, donation or otherwise, any sum of money, aid or assistance from the United States, the State of Louisiana or any political subdivision of either of them.
 * * *
 17. Do any and all things necessary or proper for the government, regulation, development and control of the business of the district."
As can be seen from the above, the Port is vested with broad and sweeping authority to own, operate and maintain infrastructure and warehouses which are necessary for its purposes. In addition, it has specific authority to receive grants and donations from the United States, the capital State of Louisiana and/or any political subdivision of the state. Finally, it may do any and all things necessary or proper to carry out its duties.
Clearly envisioned within the broad scope of the Port's statutory powers and duties is the authority to participate in the application process for the procurement of federal grants to carry out its functions, including the cost incidental thereto. Accordingly, since the expenditure of public funds for this purpose is authorized by statute, the requirement of the existence of a valid legal obligation for the disbursement has been met.
We further conclude that the expenditure, in question, serves a public purpose — that of procuring federal funds for the benefit of the Port. This leaves us with the remaining issue of whether the Port's expenditure results in a benefit proportionate to the costs involved.
As previously noted, the Port will receive between $500,000 and $1,000,000 in return for the expenditure of $4,000. We believe that the benefit to the Port far exceeds the rather nominal cost to be born by the Port.
Therefore, it is the opinion of this office that the Port may expend $4,000 as its pro rata share of the cost associated with the application for empowerment zone status for the Parish, thus enabling the Port to receive federal grants and assistance in an amount exceeding $500,000.
Trusting this answers your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob[3]/cla
Dr. Clyde Thompson Chairman Madison Parish Port Commission Tallulah, Louisiana 71282
DATE RECEIVED:
DATE RELEASED:
Robert E. Harroun, III Assistant Attorney General